UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ACCESS 4 ALL, INC., and
DOUGLAS WILDER,

      PLAINTIFFS

V.                                                        CASE NO. 2:09-CV-573-FtM-99SPC

B.F. FT. MYERS, INC.,

      DEFENDANT

\*\*\*  \*\*\*  \*\*\*  \*\*\*

## MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO SUBMIT THE ISSUE OF PLAINTIFFS' ATTORNEYS' FEES, COSTS AND EXPENSES TO THE COURT
## AND
## INCORPORATED MEMORANDUM OF LAW

Defendant, B.F. Ft. Myers, Inc. ("B.F. Ft. Myers"), requests the Court stay discovery in this action pending resolution of its Motion to Submit the Issue of Plaintiffs' Attorneys' Fees, Costs and Expenses to the Court, which was filed with the Court on January 22, 2010. In support of its request, B.F. Ft. Myers submits the following memorandum and tenders an attached order setting out the relief it requests.

### MEMORANDUM IN SUPPORT OF B.F. FT. MYERS' MOTION TO STAY DISCOVERY

This case involves a claim that the accessibility of a Wendy's fast food store located in Port Charlotte, Florida, owned and operated by B.F. Ft. Myers, requires modifications in order to comply with the accommodation provision of the Americans with Disabilities Act ("ADA").

Although a formal settlement agreement has not been reached in this case, B.F. Ft. Myers has agreed to make substantially all modifications to satisfy Access 4 All's and Douglas Wilder's ("Access 4 All") concerns with B.F. Ft. Myers' Wendy's store. The only remaining issue in this case is Access 4 All's demand for attorneys' fees, costs and expenses. Concurrent with its request to stay discovery, B.F. Ft. Myers has filed a Motion to Submit the Issue of Access 4 All's Attorneys' fees, Costs and Expenses to the Court for decision, requesting that Access 4 All's demand for attorneys' fees, costs and expenses be denied, or in the alternative, substantially limited to a sum reasonable.

In support of its request to stay discovery, B.F. Ft. Myers directs the Court to Access 4 All's December 16, 2009, request to schedule the deposition of B.F. Ft. Myers' corporate representative, request to schedule and inspect the Wendy's site, and service of lengthy interrogatories and requests for production on B.F. Ft. Myers. Letter from Todd W. Shulby, counsel for Access 4 All, to Dana L. Collins, counsel for B.F. Ft. Myers, (Dec. 16, 2009), attached as Exhibit A. By the time of Access 4 All's December 16 requests, B.F. Ft. Myers had offered to cure substantially all of the issues raised in Access 4 All's Complaint and there was no dispute between the parties as to the proposed modifications. Letter from Dana L. Collins to Todd W. Shulby (Nov. 18, 2009), attached as Exhibit B; E-mail from Todd W. Shulby to Dana L. Collins (Nov. 24, 2009, 7:54 a.m.), attached as Exhibit C; Letter from Dana L. Collins to Todd W. Shulby (Dec. 9, 2009), attached as Exhibit D. The only issue remaining at the time of Access 4 All's December 16 requests was its demand for attorney's fees, costs and expenses in the amount of $9,500, which B.F. Ft. Myers refused to pay given the very early stage of the litigation. Letter from Dana L. Collins to Todd W. Shulby (Dec. 9, 2009), attached as Exhibit D;

Email from Dana L. Collins to Todd W. Shulby (Dec. 19, 2009, 8:50 a.m.), attached as Exhibit E.

Access 4 All's December 16 requests appear to have been made solely for the purpose of delaying settlement in order to incur additional attorneys' fees given B.F. Ft. Myers' voluntary compliance and Access 4 All's dissatisfaction with B.F. Ft. Myers' refusal to pay its demand for attorneys' fees, costs and expenses. Any fees further incurred by counsel for Access 4 All in an effort to continue discovery in this matter are unnecessary as B.F. Ft. Myers is voluntarily curing substantially all of Access 4 All's concerns with the Wendy's site. Moreover, in light of Access 4 All's December 16 requests, it is anticipated that counsel for Access 4 All will continue to incur unnecessary attorney's fees absent this Court ordering abeyance of discovery.

Not only will Access 4 All's continued discovery in a litigation practically settled create unnecessary expense for B.F. Ft. Myers, but such efforts will also waste judicial resources. For example, B.F. Ft. Myers directs the Court to the fact that counsel for Access 4 All has filed seventy-eight (78) complaints in the six months surrounding the time the present case was filed. Of those seventy-eight (78) complaints, no fewer than sixty-two (62) are virtually identical to the present Complaint. Given the voluminous number of complaints filed by counsel for Access 4 All virtually identical to the present Complaint, it is anticipated that much of Access 4 All's discovery requests will be similarly "cookie cutter" in nature, and unlikely to be curtailed absent Court order.

In <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1367 (11th Cir. 1997), the Eleventh Circuit Court of Appeals held that where a motion pending before the court would dispose of the case, discovery was unnecessary and would only serve to increase the cost of the litigation. The Court noted that discovery imposes costs on all parties as well as the court system and should be

avoided where unnecessary. In the present case, a decision on the issue of attorneys' fees should dispose of this case and as a result, discovery should be stayed at this time while that issue is being decided.

Accordingly, for all the reasons stated, B.F. Ft. Myers requests that discovery in this action be stayed pending resolution of its Motion to Submit the Issue of Plaintiffs' Attorneys' Fees, Costs and Expenses to the Court.

Respectfully submitted,

/s/ Barbara M. Cowherd

Barbara M. Cowherd
BUTLER PAPPAS WEIHMULLER
KATZCRAIG LLP
Florida Bar No.: 0469203
One Harbour Place, Suite 500
777 S. Harbour Island Blvd.
Tampa, Florida 33602
*Telephone:* (813) 281-1900
*Facsimile:* (813) 281-0900
           and
Dana L. Collins
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
401 South Fourth Street
Louisville, Kentucky 40202
*Telephone:* (502) 584-1135
*Facsimile:* (502) 561-0442
(To be admitted *Pro Hac Vice*)
*Counsel for Defendant*

CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to local rule 3.01(g) and Fed. R. Civ. P. 26(c), counsel for Defendant certify that they conferred with counsel for the Plaintiffs in a good faith effort to resolve the issues raised by this motion, and counsel have been unable to agree on the resolution of the motion.

/s/ Barbara M. Cowherd

Counsel for Defendant

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Motion to Stay Discovery Pending Resolution of Defendant's Motion to Submit the Issue of Plaintiffs' Attorneys' Fees, Costs and Expenses to the Court* has been filed with the CM/ECF System on February _1_, 2010

/s/ Barbara M. Cowherd

Counsel for Defendant