UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ACCESS 4 ALL, INC., and,
DOUGLAS WILDER,

      Plaintiffs,

v.                                               CASE NO. 2:09-CV-573-FtM-36SPC

B.F. FT. MYERS, INC.,

      Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Submit the Issue of Plaintiffs' Attorneys' Fees, Costs and Expenses to the Court, filed on January 22, 2010 (Dkt. 13). After receiving extensions from the Court (Dkt. 20, 25), Plaintiffs filed their response to the motion on March 8, 2010 (Dkt. 26). The motion is now ripe for review.

**I.**     **BACKGROUND**

On September 1, 2009, Plaintiffs filed their complaint against Defendant alleging that its public facilities are not compliant with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. (Dkt. 1). In the Complaint Plaintiffs state that Defendant's parking, entrance access and path of travel, access to goods and services, and restrooms are not ADA compliant (Dkt. 1, p. 5-6). On September 29, 2009, Defendant filed an answer in response to the Complaint (Dkt. 7).

The parties then filed a Case Management Report outlining the necessary deadlines for the litigation, including discovery, mediation, and dispositive motions deadlines (Dkt. 10). The Court entered a Case Management and Scheduling Order on November 24, 2009 (Dkt. 11). On February

2, 2010, Defendant filed a motion to stay discovery until the Court addressed the motion on the issue of Plaintiffs' attorneys' fees (Dkt. 15).  The Court granted the motion to stay discovery (Dkt. 21).

The parties submitted status reports to the Court on April 16, 2010 (Dkt. 30, 31).  Defendant's status report addressed the modifications that it made and/or planned to make to its facilities for them to be ADA compliant (Dkt. 30).  The parties have been in settlement discussions, but there is no formal settlement agreement or stipulation of dismissal that has been filed with the Court.

## II.    STANDARD

"Section 505 of the [ADA] provides that '[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs.'" *American Disability Assoc., Inc. v. Chmielarz*, 289 F.3d 1315, 1318 (11th Cir. 2002)(quoting 42 U.S.C. § 12205)); *see Assoc. of Disabled Americans, et al. v. Neptune Designs, Inc., et al.*, 469 F.3d 1357, 1359 (11th Cir. 2006)(same).  To be considered a prevailing party under the ADA, a party must "achieve a 'judicially sanctioned change in the legal relationship [between] the parties.'" *Chmielarz*, 289 F.3d at 1319 (citing *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)).  "[T]he right to attorneys' fees in an ADA case belongs to the prevailing party," and no one else.  *Long, et al. v. Morton Plant Hosp. Assoc., Inc.*, 265 Fed. Appx. 798, 800 (11th Cir. Feb. 14, 2008).  Once a prevailing party is determined, then the Court may consider an award of attorneys' fees and the reasonableness of these fees.  *See Neptune Designs, Inc., et al.*, 469 F.3d at 1358-59 (addressing the issue of attorneys' fees and their reasonableness after the parties formally settled and filed a joint

voluntary dismissal); *Chmielarz*, 289 F.3d at 1317-1318 (considering the issue of attorneys' fees on the plaintiffs' motion after the case had formally settled and voluntarily dismissed).

III.   ANALYSIS

Here, Defendant filed a motion for the Court to consider the reasonableness of Plaintiffs' attorneys' fees. The parties have not formally settled this case or filed a voluntary dismissal. *See* Dkt. 13, p. 4 ("Although a formal settlement agreement has not been reached, [Defendant] has agreed to make all modifications to satisfy [Plaintiffs'] concerns with the Wendy's site."). Further, there is nothing on the record outlining what the actual requested fees are, other than Defendant's assertions relating to settlement discussions with Plaintiffs' attorney.[1] Moreover, Plaintiffs have not filed a motion for attorneys' fees. Based on these reasons, the Court finds that the reasonableness of any attorneys' fees is not ripe for review at this time.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion (Dkt. 13) is **DENIED**.

**DONE AND ORDERED** at Ft. Myers, Florida, on May 5, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies to**:
Counsel of Record

---

[1] Plaintiffs state that any mention of current settlement discussions is in violation of Fed. R. Evid. 408 (Dkt. 26, p. 2). The Court, however, will not address that argument in this Order.